**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/21

July 18, 2021

**BY ECF**

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

    Re: <u>United States v. Jerome Brown</u>
          17 Cr. 420 (KMW)

Dear Judge Wood,

<u>I write to respectfully request an adjournment of resentencing, and related deadlines, in the above-captioned case</u>. **Granted -KMW**

On June 24, 2021, the Second Circuit issued an opinion ordering a resentencing in Mr. Brown's case. The basis for this order is the circuit's recent decision in *United States v. Scott*, 990 F.3d 94 (2d Cir. 2021), regarding whether crimes that can be committed by omission can categorically qualify as crimes of violence. The Second Circuit's decision in *Scott* deepened a split among the circuits on this question. Mr. Scott is also represented by the Federal Defenders and has filed a petition for a writ of certiorari on the issue. *See Scott v. United States*, No. 20-7778 (Mar. 31, 2021) (noting that four circuits find an omission cannot constitute the use of physical force against the person of another, while six circuits find that it can). The Solicitor General's Office has repeatedly requested additional time to respond to the *Scott* petition and its response is now due August 16, 2021. If the *Scott* petition is granted, Mr. Brown's appellate counsel intends to file a petition for certiorari on his behalf.

Because the disposition of the pending *Scott* petition may impact Mr. Brown's case, and because counsel may pursue a further appeal on his behalf, we respectfully request that the Court adjourn resentencing in this matter. The defense proposes sending a further letter to the Court regarding scheduling after the referenced certiorari petitions are decided. Counsel also notes that Mr. Brown has entirely completed his previously-imposed sentence.

I have conferred with AUSA Robert Sobelman regarding this matter and he informs me that the government objects to this request. I further understand, based

on correspondence with AUSA Sobelman, that the government "objects to the defendant's request because the mandate has already issued and, absent a recall of the mandate, there is no basis for a stay."

However, as this Court is likely aware, a criminal defendant has 90 days from the date of an appellate court's judgment (regardless of when the mandate issues) to petition the Supreme Court for certiorari. *See* Rules of the Supreme Court of the United States Rule 13. Further, a defendant does not need to request a stay of a circuit's mandate to petition for certiorari. For these reasons, we request an adjournment of Mr. Brown's resentencing date.

> Respectfully submitted,
>
> /s/ Sarah Baumgartel
> Sarah Baumgartel, Esq.
> Assistant Federal Defender

cc: Government Counsel (by ECF)

---

For the reasons set forth above and in the reply letter (ECF No. 108), the resentencing, and related deadlines, are adjourned sine die.

By October 1, 2021, defense counsel must provide the Court with an update on the petition(s) for a writ of certiorari referenced above. Thereafter, defense counsel must provide the Court with further updates on the first day of each month.

SO ORDERED.

Dated: July 29, 2021
New York, NY

*/s/ Kimba M. Wood*
The Honorable Kimba M. Wood
United States District Judge